UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DOONVALE, LLC, ) | Civil No. **13 CV 3239** |
| Plaintiff, ) | Complaint For Wrongful Levy |
| v. ) | |
| UNITED STATES OF AMERICA, ) | |
| Defendant. ) | |

## COMPLAINT

Doonvale, LLC, as Plaintiff (the "Plaintiff"), by and through its attorney, David W. Shapiro, hereby alleges against the United States of America as Defendant (the "Defendant") as follows:

### Nature of Complaint

1. This is a civil cause of action against the United States of America and is based upon 26 U.S.C. §7426(a)(1) which provides for actions by a taxpayer for the recovery of property which the taxpayer claims as its own and which the United States wrongfully levied upon.

### Jurisdiction

2. The District Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§1340 and 1346(a)(1), which provide that the District Court shall have original jurisdiction over any civil action arising under any act of Congress providing for internal revenue, and for the recovery of any internal revenue tax alleged to have been erroneously collected, or any sum alleged to have been excessive or in any manner wrongfully collected under the internal revenue laws.

## Venue

3. 28 U.S.C. §1402(c) provides that a civil action against the United States under subsection 1346 may be prosecuted only in the judicial district where the property was situated at the time of levy.

4. The property levied upon by Defendant, i.e., funds properly Plaintiff's distributive share of proceeds payable to partners holding an interest in the One CityPlace Limited Partnership, was located in the borough of Manhattan, City of New York, State of New York when the property was levied upon.

5. Therefore venue for this action is proper in the United State District Court for the Southern District of New York.

## Procedural Facts

6. Defendant issued the Notice of Levy (the Notice), dated April 12, 2012, upon Plaintiff's property by mailing the Notice to Liberty Street Associates, Inc., as General Partner of Liberty Street Associates LP as General Partner of One CityPlace Limited Partnership, 1 New York Plaza, Floor 32, New York, New York, 10004, to the attention of Officer Russell Carkhuff, naming Doonvale, LLC as the "nominee/alter ego/transferee of Queenswood Investment, LLC, as nominee/alter ego/transferee as [sic] Anglo Capital, Inc." According to the Notice, the tax, penalties, and interest assessed against Anglo Capital, Inc., totaled $28,856,743.82. By this Notice, Defendant wrongfully demanded receipt of any distributions Liberty Street Associates was authorized to make to Plaintiff arising from Plaintiff's distributive share of the proceeds of the sale of the CityPlace I office building.

7. Complying with the Notice, Liberty Street Associates transferred to Defendant $921,127.12 and $132,755.82, for a total amount of $1,053,882.94 in funds properly belonging to Plaintiff.

8. Plaintiff has exhausted the available administrative remedies. Plaintiff submitted an administrative wrongful levy claim to the Internal Revenue Service on May 15, 2012, requesting that Defendant release the levy.

9. By certified mail postmarked April 8, 2013, forwarding correspondence dated March 11, 2013, Defendant issued a notice disallowing Plaintiff's administrative claim of wrongful levy.

10. If Plaintiff prevails in its wrongful levy claim, Defendant has the authority to return the property that has been wrongfully levied upon, in the form of an amount of money equal to the amount of money levied upon, as provided by 26 U.S.C. §6343(c)(2).

11. This suit is timely under 26 U.S.C. §6532(c)(2) because it is filed within 12 months from the date plaintiff filed its request for return of property described in 26 U.S.C. §6343(b).

## Relevant Facts

12. Plaintiff Doonvale, LLC, is a licensed Nevada entity formed on September 3, 2008. Raymond Vere Hunt currently is Plaintiff's sole member. Plaintiff's principal place of business is 50 California Street, Suite 3260, San Francisco, California.

13. Queenswood Investment, LLC (Queenswood), was formed in Delaware on December 5, 2000. Queenswood owned 40.864 units (out of a total of 290 units) in One CityPlace Limited Partnership (One CityPlace), which in turn owned a 99% interest in CityPlace I, a thirty-eight story office building located in Hartford, Connecticut. The General Partner of One CityPlace is Liberty Street Associates, LP (Liberty Street). The General Partner of Liberty Street is Liberty Street Associates, Inc., currently with offices in Manhattan, New York City, New York.

14. Queenswood acquired limited partnership units in One CityPlace. By June 2006, Queenswood owned 40.864 One CityPlace limited partnership units.

15. Scotmar USA, Inc. (Scotmar), was formed in Delaware on June 21, 2001 and reorganized as a Nevada corporation on February 24, 2006.

16. Scotmar loaned a total of $315,000 to Queenswood on February 2, 2002, evidenced by four (4) promissory notes, with each note having a face value of $78,750 (the A, B, C, & D Notes, or the Notes). The Notes specified a maturity date and a rate of interest of four percent (4%) per annum. The Notes were convertible into equity interests in Queenswood.

17. Anglo Capital, Inc. (Anglo), a Delaware corporation, was formed on February 14, 2006. Anglo acquired Queenswood on June 30, 2006.

18. On September 30, 2008, Scotmar transferred Notes C and D to Plaintiff, in consideration for Plaintiff assuming an obligation owed by Scotmar.

19. Following this transfer of the C and D Notes, both Scotmar and Plaintiff (among others) were creditors of Queenswood. (All creditors together of Queenswood are hereafter referred to as the Noteholders).

20. On January 1, 2009 Plaintiff exercised its right to convert the debt evidenced by the C and D Notes into an equity interest in Queenswood. Plaintiff thereby acquired 16.22 membership units in Queenswood.

21. On January 1, 2010, Queenswood distributed One CityPlace limited partnership units to the Noteholders, including Plaintiff, in accordance with their percentage ownership interest. At that time, Plaintiff acquired 6.63 units of One CityPlace.

22. The CityPlace I building was sold in a transaction that closed on March 30, 2012, generating sales proceeds of $99,000,000.00.

23. Plaintiff's ownership of 6.63 membership units of One CityPlace entitled Plaintiff to a distribution of $1,107,534, as reflected on the K-1 issued to it by One CityPlace.

24. Instead of receiving those funds, Defendant wrongfully levied upon Plaintiff's share of the funds.

25. Plaintiff is not the nominee, alter ego, or transferee of either Anglo Capital, Inc., or Queenswood.

26. Plaintiff's right to its distributive share of profits of One CityPlace is superior to any right Defendant may have in such property.

27. Plaintiff is not liable for any additional taxes attributable to its ownership interest in either Queenswood or One CityPlace, either directly or as a transferee.

28. Plaintiff is not liable as a transferee, in either law or equity, for tax owed by either Anglo Capital, Inc., or Queenswood.

## Improper Actions by Defendant United States of America

29. The levy on Plaintiff's distributive share of profits from One CityPlace for tax assessed Anglo Capital, Inc., (Form 1120 for the tax year 2006) in the amount of $28,856,743.82 was improper because Plaintiff is not and never has been a nominee, alter ego, or transferee of Anglo Capital Inc., or of Queenswood. Therefore, Plaintiff is entitled to a refund of the funds levied to date in at least the amount of $1,053,882.94, with statutory interest from the date the funds were seized.

## Prayer for Relief

WHEREFORE, Plaintiff respectfully requests the following relief:

A.  Judgment for Plaintiff and against the Defendant, United States of America, in total amount of $1,053,882.94 plus statutory interest.

B.  An Order determining that Plaintiff is not a nominee, alter ego or transferee of Anglo Capital, Inc., or any entity or individual associated with Anglo Capital, Inc., or of Queenswood.

C.  An Order restraining Defendant from levying upon property rightly belonging to Plaintiff, in conjunction with Defendant's pursuit of Anglo Capital, Inc. or Queenswood.

D.  Reimbursement by Defendant to Plaintiff of all its attorney's fees and costs in this action- pursuant to 28 U.S.C. §241(b) and 26 U.S.C. §7430; and

E.  Such other relief as to this Court seems just and appropriate.

Dated: May 13, 2013.

DAVID W. SHAPIRO (DS-8121)
Attorney for Plaintiff Doonvale, LLC
1480 Moraga Road, Suite I #357
Moraga, CA  94556-2005
Telephone: 415-754-0161
Email address: dshapiro37@gmail.com